# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:99-cr-00287-KJD-RJJ |
| v. | **ORDER** |
| HATTIE DAY, | |
| Defendant. | |

Presently before the Court is Defendant Hattie Day's Motion for Early Termination of Supervised Release (#512). The Government did not file a response. Defendant's probation officer proposed early termination and as a result, does not oppose the motion.

A district court enjoys "broad discretion" when, after it takes into account the statutorily required factors, it discharges a defendant's supervised release. United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998). The defendant, however, bears the burden of demonstrating that early termination of her supervised release is justified. See United States v. Weber, 451 F.3d 552, 559 n. 9 (9th Cir. 2006). Title 18 U.S.C. § 3583(e) states:

> (e) **Modification of conditions or revocation**. The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)

(1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice[.]

The Court has considered the following factors under 18 U.S.C. §§ 3553(a): (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. See 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

Here, Defendant has met her burden in demonstrating that early termination of supervised release is justified.  On June 9, 2000, Defendant was adjudicated guilty of possession and intent to distribute a controlled substance. She was sentenced to 188 months imprisonment followed by five years of supervised release. She has served her term of confinement and almost three (3) years of supervised release.  Defendant has not violated the conditions of her supervised release. Defendant's crime was not a crime of violence.  She had no criminal conduct on supervision, and although Defendant suffers from dementia and mental illness, she had no psychiatric episodes during supervision, nor is she a risk of danger to the community.

Therefore, having considered the statutory factors, the Court finds that in the interest of justice and being warranted by the conduct of Defendant, that her term of supervised release is hereby terminated immediately.

///

///

///

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Early Termination of Supervised Release (#512) is **GRANTED**.

DATED this 27th day of April 2016.

                                                Kent J. Dawson
                                                United States District Judge